UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 18-60350-DIMITROULEAS

UNITED STATES OF AMERICA,

vs.

THOMAS JEFFERY DUNHAM,

Defendant.
_____/

## DETENTION ORDER

Pursuant to 18 U.S.C. § 3142(f), on December 21, 2018, a hearing was held to determine whether the defendant, Thomas Jeffery Dunham, should be detained prior to trial. Having considered the factors enumerated in 18 U.S.C. § 3142(g), this Court finds that no condition or combination of conditions of release will reasonably assure the appearance of this defendant as required and the safety of any other person and the community. Therefore, it is hereby ORDERED that the defendant, Thomas Jeffery Dunham, be detained prior to trial and until the conclusion thereof.

In accordance with the provisions of 18 U.S.C. § 3142(i), this Court hereby makes the following findings of fact and statement of reasons for the detention:

1. The defendant is charged with possession with intent to distribute a controlled substance, in violation of 21 U.S.C. § 841(a)(1), and with possession of a firearm and ammunition by a convicted felon, in violation of 18 U.S.C. § 922(g). Therefore, the defendant is charged with a crime involving a controlled substance and with a crime involving a firearm. 18 U.S.C. § 3142(g)(1).

2. The Court received credible evidence that the defendant committed the

offenses with which he has been charged. More specifically, the Government adopted the Affidavit in Support of Criminal Complaint (DE 1) as its case agent's testimony on direct examination. The content of that Affidavit was not materially impeached, contradicted, or rebutted, and the undersigned accepts the facts set forth therein as true for purposes of this bond determination. In pertinent part, the Affidavit states:

> 3. On December 8, 2018, Broward County Sheriff's Office ("BSO") Gang Unit Detectives J. Willis and K. Brookins were in an unmarked police vehicle in Ft. Lauderdale, Florida. While in their vehicle, they observed an Instagram video posted to the account with the username "poedickentt1986." Based on prior interactions, Det. Willis recognized DUNHAM as the individual in the video.
>
> 4. In the video, DUNHAM can be seen at a convenience store wearing a blue shirt with white stripes with a Fila bag draped across his body. DUNHAM displays several hundred dollar bills, and then points a firearm at the camera. Det. Willis recognized the convenience store and had previously seen DUNHAM at the convenience store, located at 1403 NW 27th Avenue in Fort Lauderdale, Florida.
>
> 5. Shortly after viewing the video, the Detectives went to the convenience store to see if DUNHAM was still present. When they entered, the Detectives saw DUNHAM, wearing the same blue shirt with white stripes and the same Fila bag seen in the video.
>
> 6. After Detectives approached DUNHAM, DUNHAM reached into his pants and took out a gun. The convenience store clerk grabbed DUNHAM's arm, and DUNHAM dropped the gun onto a shelf, at which point DUNHAM was taken into custody.
>
> 7. The gun DUNHAM dropped was a Jennings, Model J-22, .22 caliber handgun, serial number 307134. The gun contained 6 rounds of .22 caliber ammunition. The gun is consistent with the firearm observed by the Detectives on the Instagram video. Inside the Fila bag, law enforcement found approximately 36 grams of a substance that field tested positive for marijuana.
>
> 8. A criminal history check revealed that DUNHAM has four prior felony convictions, including a 2005 felony conviction for Grand Theft, a 2005 felony conviction for Burglary, a 2011 felony conviction for Possession of Cocaine with Intent to Distribute, and 2018 felony conviction for Possession of

2

Marijuana with Intent to Distribute.

9. A check with the Florida Office of Executive Clemency indicated that DUNHAM has not had the right to possess[] a firearm restored. Based on my training and experience, the Jennings J-22 firearm and the ammunition found inside of it were not manufactured in the state of Florida, thus they passed through interstate commerce before being found in Florida.

Affidavit ¶¶ 3-9 (DE 1).

At the hearing, the Government proffered that a surveillance video from the convenience store shows the defendant engaging in a hand-to-hand marijuana transaction prior to the detectives arriving. Furthermore, that video reportedly shows that when the detectives arrived at the convenience store and approached the defendant with their weapons drawn, the defendant reached for the gun of one of the detectives; the detective managed to pull the gun away from the defendant. The video reportedly then shows that the defendant stepped toward the cash register and removed a firearm from his pants; however, the cashier grabbed the defendant's arm, whereupon the defendant dropped the firearm.

According to the Government, if convicted at trial of the instant charges, he would face an advisory Guidelines sentence in the range of seven (7) to eight (8) years' imprisonment. 18 U.S.C. § 3142(g)(2).

3. The pertinent history and characteristics of the defendant are significant to this Court's assessment of his candidacy for bond. Thomas Jeffery Dunham is a 32-year old United States citizen and lifelong resident of South Florida. He does not possess a passport and has not traveled outside the United States.

The defendant advised that he is single and does not have any children; his girlfriend, however, is four months pregnant. The defendant currently resides with his

3

grandmother in Fort Lauderdale. Several other family members also reside in the community, although he does not maintain regular contact with them.

The defendant reported that he works part-time as a car washer and detailer and that he earns approximately $300 per month from this employment. At the hearing, defense counsel proffered that the defendant also works promoting various hip-hop groups. The defendant does not possess any assets.

According to the Pretrial Services Report, the defendant has a very extensive criminal history that appears to include twenty-four (24) arrests, including two (2) arrests for violating his probation. Additionally, sixteen (16) of the defendant's arrests resulted in convictions (or withheld adjudications): grand theft (vehicle)/resisting an officer without violence (2006); burglary of an unoccupied structure (2006); false identification to a law enforcement officer (2010); possession of marijuana/operating a vehicle without a valid driver's license/failure to attach registration to license plate (adjudication withheld) (2010); operating a vehicle without a valid driver's license (adjudication withheld) (2010); possession of cocaine with intent to sell (2011); possession of marijuana (adjudication withheld) (2011); driving while license suspended (2012); possession of marijuana (2012); operating a vehicle without a valid driver's license (2013); driving while license suspended (2nd) (2012); burglary of an unoccupied dwelling/resisting an officer/driving while license suspended (3rd) (2016); possession of a controlled substance (adjudication withheld) (2013); possession of hydromorphone (2014); resisting an officer without violence (2018); and possession of marijuana with intent to sell (2018). The Report also shows that he has used the alias "Thomas Jeffrey Brown."

In sum, although the defendant has familial ties to the community, the totality of the

facts establish that his release on bond would pose an unreasonable risk of flight: the defendant has few legitimate financial ties, and he possesses no assets; the defendant was charged twice with violating his probation, demonstrating a disregard for court supervision; the defendant's extensive arrest record suggests an ongoing disregard for the law; the defendant has utilized an alias in connection with a previous arrest; the defendant has been convicted of providing false identification to a law enforcement officer, evidencing an intent to conceal his true identity from police; the defendant has been convicted three times with resisting an officer without violence; in the instant matter, the defendant attempted to resist arrest by grabbing a detective's gun and by then pulling out his own gun; the evidence of the defendant's guilt in this matter is extremely strong; and the defendant faces a significant period of incarceration upon conviction. 18 U.S.C. § 3142(g)(3)(A) and (B).

4. The defendant has been arrested on 24 occasions, charged with violating his probation on 2 occasions, and been convicted or had adjudication of guilt withheld on 16 occasions. It is against this record of continuous criminal activity that the instant offenses are properly viewed.

Despite his multiple felony convictions, including narcotics distribution violations, the defendant chose to not only arm himself with a loaded .22 caliber handgun and distribute marijuana, but to then grab an arresting detective's firearm and, failing that, to pull out his own firearm. The defendant, therefore, has not been deterred or rehabilitated by virtue of his previous contacts with the criminal justice system, and he continues to pose a danger to the community. 18 U.S.C. § 3142(g)(4).

5. The Court specifically finds that there is no condition or combination of

5

conditions of release that reasonably will assure the defendant's appearance as required and the safety of any other person and the community. 18 U.S.C. § 3142(e).

Based upon the above findings of fact, which were supported by clear and convincing evidence, the Court has concluded that this defendant presents an unreasonable risk of flight if released on bond prior to trial and a danger to the community. Accordingly, the Court hereby directs:

1. that the defendant be committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practical, from persons awaiting or serving sentences or being held in custody pending appeal;

2. that the defendant be afforded reasonable opportunity for private consultation with counsel; and

3. that, on order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility in which the defendant is confined deliver the defendant to a United States marshal for the purpose of an appearance in connection with a court proceeding.

DONE AND ORDERED at Fort Lauderdale, Florida this 21st day of December 2018.

BARRY S. SELTZER
United States Magistrate Judge

Copies to:

William P. Dimitrouleas
United States District Judge

All counsel of record

United States Marshal

United States Pretrial Services